Joshua W. Carden, SBN 021698
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

William L. Gilliard III,

                Plaintiff,

v.

Carvana, LLC, Chris Santone, and Bret Sassenberg,

                Defendants.

**ORIGINAL COMPLAINT
(JURY TRIAL REQUESTED)**

       Plaintiff William L. Gilliard III, by and through the undersigned counsel, hereby seeks relief under Title VII and 42 U.S.C. § 1981, as follows:

### PARTIES

       1.    Plaintiff William L. Gilliard III was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" of Carvana, LLC for purposes of Title VII and Section 1981, and Chris Santone and Bret Sassenberg for purposes of Section 1981.

       2.    Defendant Carvana, LLC ("Carvana") is a domestic limited liability company at all relevant times conducting its business in Maricopa County, Arizona.

       3.    Carvana was an "employer" of Plaintiff within the meaning of purposes of Title VII, 42 U.S.C § 2000e, *et. seq*., and 42 U.S.C. § 1981, at all times material to this action.

       4.    Defendant Chris Santone, is an individual resident of Maricopa County, Arizona, and was, at all relevant times, Mr. Gilliard's supervisor and "employer" within the meaning of Section 1981 only.

       5.    Defendant Bret Sassenberg, is an individual resident of Maricopa County, Arizona,



1

and was, at all relevant times, Mr. Gilliard's supervisor and "employer" within the meaning of Section 1981 only.

6.     At all times pertinent to this Complaint, Carvana's managerial employees, including Santone and Sassenberg, were acting within the course and scope of their employment with Carvana; and as a result thereof, Carvana is responsible and liability is imputed for the acts and omissions of its managerial employees, as alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

7.     All acts alleged in this Complaint occurred in Maricopa County, Arizona.

## JURISDICTION AND VENUE

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

9.     The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

10.    Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

11.    Carvana is a national auto dealership that employs well over 500 employees nationwide.

12.    Mr. Gilliard is African American.

13.    Carvana employed Mr. Gilliard in Maricopa County beginning in October 2018 as a real estate manager.

14.    Mr. Gilliard performed his job well, receiving favorable reviews as recently as April 2019.

15.    Defendants Santone and Sassenberg were supervisors of Mr. Gilliard with authority to terminate him and affect the terms and conditions of his employment.

16.    Mr. Gilliard experienced negative treatment during his employment from Santone and Sassenberg, that he reasonably-believed was attributed to his race.

17.    Mr. Gilliard was the only African-American male in his department.

18.    Mr. Gilliard also witnessed negative treatment, hostility and sexual harassment, towards an Arab-American female co-worker.



19.     In June 2019, the female co-worker shared her struggles and her complaints to Carvana's HR department with Mr. Gilliard.

20.     Upon information and belief, Santone and Sassenberg were aware of these complaints to HR and to Mr. Gilliard, and her confiding in Mr. Gilliard.

21.     Shortly thereafter, the female co-worker announced that she would be leaving the company.

22.     Mr. Gilliard arranged to have an office going-away surprise gift for this co-worker on behalf of the department team members, and personally bought the departure gifts including a signing card from co-workers and supervisors, balloons, and flowers and provided an excellent phone reference for her new employer.

23.     Upon information and belief, Mr. Gilliard's support of this female co-worker in her protected activities and in her departure from Carvana made Santone and Sassenberg angry at Mr. Gilliard.

24.     On or about August 14, 2019, Defendants terminated Mr. Gilliard.

25.     The reasons Defendants gave were false and/or elevated to standard not applied to others in the department who were neither male nor African-American.

26.     Defendants gave Mr. Gilliard's job duties to a white female that Mr. Gilliard had helped to train.

27.     However, the clear successor to Mr. Gilliard would have been a more senior male employee that Mr. Gilliard had also helped train.

28.     Upon information, Santone and Sassenberg strongly preferred to manage females, and viewed females as easier targets for harassment and control.

29.     Upon information and belief, Mr. Gilliard's termination was because of his race, gender, and/or his protected activity and association with the female co-worker described above.

**Administrative Remedy Exhaustion**

30.     Mr. Gilliard formalized a Charge of Discrimination on January 24, 2020.  A true and correct copy of that document is attached as Exhibit A.

31.     During the investigation, Mr. Gilliard supplied written information to the EEOC



related to the race and gender discrimination, as well as the protected activity by the female co-worker that he fostered and supported, itself a protected activity.

32.     Mr. Gilliard received a notice of suit rights for the Charge from the EEOC dated August 18, 2020. A true and correct copy of that document is attached hereto as Exhibit B.

33.     This Complaint is brought prior to 90 days from the date Mr. Gilliard received his right to sue letter.

34.     All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

### FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION

#### Carvana only

35.     By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

36.     Plaintiff is a member of protected classes: male, African-American.

37.     As described above, Plaintiff was subject to unlawful discrimination in that he was held to a different standard than his non-African-American and/or female co-workers by his supervisors – disparate treatment because of his race and/or sex.

38.     Plaintiff's termination was a direct fruit of that unlawful discrimination.

39.     As a direct and proximate result of Carvana's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

40.     As a direct and proximate result of Carvana's conduct, Plaintiff has further sustained damages in the form of emotional distress and medical expenses.

41.     Carvana's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

### SECOND CAUSE OF ACTION – TITLE VII RETALIATION

#### Carvana only

42.     By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

43.     Plaintiff engaged in protected activity as described above, namely, the receipt and support of a co-worker's complaints of sexual harassment.

44.     Additionally, Plaintiff was viewed by Defendants to be "associated" with the female

co-worker described above, so that Defendants actions towards her were linked to that association.

45.     Plaintiff experienced adverse action for his protected activity – namely, the termination.

46.     But for his protected activities and association with the female co-worker, Plaintiff would not have received these adverse actions.

47.     As a direct and proximate result of Carvana's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

48.     As a direct and proximate result of Carvana's conduct, Plaintiff has further sustained damages in the form of emotional distress and medical expenses.

49.     Carvana's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## THIRD CAUSE OF ACTION - RACED-BASED DISCRIMINATION IN VIOLATION OF 42 USC § 1981

### All Defendants

50.     By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

51.     Plaintiff is a member of a non-white minority – African-American

52.     Plaintiff's employment with Carvana – as is all Arizona "at-will" employment - was contractual in nature.

53.     All Defendants discriminated against Plaintiff based on his race in the performance, modification, and termination of his employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

54.     Specifically, Defendants heightened the standards and requirements placed upon him than those imposed on similarly-situated white individuals.

55.     Defendants' discrimination was intentional.

56.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

57.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

58.     Defendants' conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages against the Defendants.

## FOURTH CAUSE OF ACTION - RACED-BASED RETALIATION IN VIOLATION OF 42 USC § 1981

### All Defendants

59.     By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

60.     Plaintiff is a member of a non-white minority – African-American.

61.     Plaintiff's employment with Carvana – as is all Arizona "at will" employment - was contractual in nature.

62.     Plaintiff engaged in protected activity as described above, namely, the receipt and support of a co-worker's complaints of sexual harassment.

63.     Additionally, Plaintiff was viewed by Defendants to be "associated" with the female co-worker described above, so that Defendants actions towards her were linked to that association.

64.     All Defendants retaliated against Plaintiff based on his protected activity of supporting complaining about discriminatory actions by a co-worker based on his actual or perceived race.

65.     The retaliation directly impacted performance, modification, and termination of his employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

66.     Defendants' retaliation was intentional.

67.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

68.     As a direct and proximate result of Defendants' conduct, Plaintiff has sustained



6

damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

69. Defendants' conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages against the Defendants.

**JURY TRIAL DEMANDED**

70. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts and practices complained of herein are in violation of federal law;

B. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

C. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' unlawful actions, and make him whole for all earnings he would have received but for Defendants' discriminatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

F. Granting such other and further relief as this Court deems necessary and proper.



Respectfully submitted on this 2nd day of October, 2020,

JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*
*William L. Gilliard III*

