R. Shawn Oller; AZ Bar No. 019233
soller@littler.com
Peter C. Prynkiewicz; AZ Bar No. 015256
pprynkiewicz@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendant
Carvana, LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William L. Gilliard III,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Carvana, LLC; Chris Santone, and Brett Sassenberg,<br><br>　　　　Defendants. | Case No. 2:20-cv-01923-SRB<br><br>**CARVANA'S ANSWER TO ORIGINAL COMPLAINT** |

Defendant Carvana, LLC ("Carvana") hereby answers Plaintiff's Original Complaint by admitting, denying, and affirmatively alleging as set forth below.

**PARTIES**

1.　Defendant admits that Plaintiff was a Carvana employee and that he resided in Arizona at all times relevant to the Complaint, but denies the remaining allegations in ¶ 1 of Plaintiff's Complaint.

2.　Defendant admits the allegations in ¶ 2 of Plaintiff's Complaint.

3.　Defendant admits the allegations in ¶ 3 of Plaintiff's Complaint.

4.　Defendant admits that Chris Santone is an individual resident of Maricopa County and that he was Plaintiff's supervisor, but denies the remaining allegations in ¶ 4 of Plaintiff's Complaint.

5. Defendant admits that Bret Sassenberg is an individual resident of Maricopa County, but denies the remaining allegations in ¶ 5 of Plaintiff's Complaint.

6. The allegations in ¶ 6 of Plaintiff's Complaint are legal conclusions and Defendant denies them on that basis.

7. Defendant admits that the Court has jurisdiction over this action, but is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of Plaintiff's Complaint

## JURISDICTION AND VENUE

8. Defendant admits the allegations in ¶ 8 of Plaintiff's Complaint.

9. Defendant admits that the Court has jurisdiction over this action, is without knowledge or information sufficient to form a belief as to the truth of the allegations that the allegedly unlawful employment practices were committed within Arizona and/or on Defendant's premises, and denies the remaining allegations in ¶ 9 of Plaintiff's Complaint.

10. Defendant admits the allegations in ¶ 10 of Plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Defendant admits the allegations in ¶ 11 of Plaintiff's Complaint.

12. Defendant admits the allegations in ¶ 12 of Plaintiff's Complaint.

13. Defendant admits the allegations in ¶ 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in ¶ 14 of Plaintiff's Complaint.

15. Defendant admits that Chris Santone was Plaintiff's supervisor and had the authority to affect the terms and conditions of his employment, but denies the remaining allegations in ¶ 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in ¶ 16 of Plaintiff's Complaint.

17. Defendant admits the allegations in ¶ 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in ¶ 18 of Plaintiff's Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in ¶ 20 of Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

1    21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21 of Plaintiff's Complaint.

2    22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 22 of Plaintiff's Complaint.

23.    Defendant denies the allegations in ¶ 23 of Plaintiff's Complaint.

24.    Defendant admits the allegations in ¶ 24 of Plaintiff's Complaint.

25.    Defendant denies the allegations in ¶ 25 of Plaintiff's Complaint

26.    Defendant denies the allegations in ¶ 26 of Plaintiff's Complaint.

27.    Defendant denies the allegations in ¶ 27 of Plaintiff's Complaint.

28.    Defendant denies the allegations in ¶ 28 of Plaintiff's Complaint.

29.    Defendant denies the allegations in ¶ 29 of Plaintiff's Complaint.

**Administrative Remedy Exhaustion**

30.    Defendant admits the allegations in ¶ 30 of Plaintiff's Complaint.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 31 of Plaintiff's Complaint.

32.    Defendant admits the allegations in ¶ 32 of Plaintiff's Complaint.

33.    Defendant admits the allegations in ¶ 33 of Plaintiff's Complaint.

34.    Defendant denies the allegations in ¶ 34 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION - TITLE VII DISCRIMINATION**

**Carvana Only**

35.    Defendant reasserts its responses to ¶¶ 1-34 as if fully set forth here.

36.    Defendant admits the allegations in ¶ 36 of Plaintiff's Complaint.

37.    Defendant denies the allegations in ¶ 37 of Plaintiff's Complaint.

38.    Defendant denies the allegations in ¶ 38 of Plaintiff's Complaint.

39.    Defendant denies the allegations in ¶ 39 of Plaintiff's Complaint.

40.    Defendant denies the allegations in ¶ 40 of Plaintiff's Complaint.

41.    Defendant denies the allegations in ¶ 41 of Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

## SECOND CAUSE OF ACTION - TITLE VII RETALIATION

### Carvana only

42. Defendant reasserts its responses to ¶¶ 1-41 as if fully set forth here.

43. Defendant denies the allegations in ¶ 43 of Plaintiff's Complaint.

44. Defendant denies the allegations in ¶ 44 of Plaintiff's Complaint.

45. Defendant denies the allegations in ¶ 45 of Plaintiff's Complaint.

46. Defendant denies the allegations in ¶ 46 of Plaintiff's Complaint.

47. Defendant denies the allegations in ¶ 47 of Plaintiff's Complaint.

48. Defendant denies the allegations in ¶ 48 of Plaintiff's Complaint.

49. Defendant denies the allegations in ¶ 49 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION - RACED-BASED DISCRIMINATION IN VIOLATION OF 42 USC § 1981

### All Defendants

50. Defendant reasserts its responses to ¶¶ 1-49 as if fully set forth here.

51. Defendant admits the allegations in ¶ 51 of Plaintiff's Complaint.

52. Defendant admits the allegations in ¶ 52 of Plaintiff's Complaint.

53. Defendant denies the allegations in ¶ 53 of Plaintiff's Complaint.

54. Defendant denies the allegations in ¶ 54 of Plaintiff's Complaint.

55. Defendant denies the allegations in ¶ 55 of Plaintiff's Complaint.

56. Defendant denies the allegations in ¶ 56 of Plaintiff's Complaint.

57. Defendant denies the allegations in ¶ 57 of Plaintiff's Complaint.

58. Defendant denies the allegations in ¶ 58 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION - RACED-BASED RETALIATION IN VIOLATION OF 42 USC § 1981

### All Defendants

59. Defendant reasserts its responses to ¶¶ 1-58 as if fully set forth here.

60. Defendant admits the allegations in ¶ 60 of Plaintiff's Complaint.

61. Defendant admits the allegations in ¶ 61 of Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

62. Defendant denies the allegations in ¶ 62 of Plaintiff's Complaint.

63. Defendant denies the allegations in ¶ 63 of Plaintiff's Complaint.

64. Defendant denies the allegations in ¶ 64 of Plaintiff's Complaint.

65. Defendant denies the allegations in ¶ 65 of Plaintiff's Complaint.

66. Defendant denies the allegations in ¶ 66 of Plaintiff's Complaint.

67. Defendant denies the allegations in ¶ 67 of Plaintiff's Complaint.

68. Defendant denies the allegations in ¶ 68 of Plaintiff's Complaint.

69. Defendant denies the allegations in ¶ 69 of Plaintiff's Complaint.

70. Defendant denies each and every allegation in Plaintiff's Complaint that it did not specifically admit.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim for which relief can be granted.

2. Plaintiff failed to exhaust his administrative remedies by filing a Charge of Discrimination alleging retaliation under Title VII.

3. Upon information and belief, Plaintiff has failed to mitigate his alleged damages.

4. Defendant reserves the right to amend this Answer to assert any additional affirmative defenses that may be revealed during discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Carvana prays for judgment as follows:

1. That judgment be entered on Plaintiff's Complaint in favor of Defendant, and that the Court dismiss Plaintiff's Complaint with prejudice in its entirety;

2. That Plaintiff take nothing from his Complaint;

3. That the Court award Defendant the costs it incurred in having to defend against Plaintiff's claims; and

4. That the Court award Defendant such other and further relief as the Court deems just and proper.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

DATED this 7th day of December 2020.

        *s/ Peter C. Prynkiewicz*
        R. Shawn Oller
        Peter C. Prynkiewicz
        LITTLER MENDELSON, P.C.
        *Attorneys for Defendant Carvana, LLC*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 7th day of December 2020 to:

Joshua W. Carden
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Rd., Suite 410
Scottsdale, AZ 85254
*Attorneys for Plaintiff*

*s/ Tisha A. Davis*
4841-2069-0895.1 103092.1006

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-