Joshua W. Carden, SBN 021698
JOSHUA CARDEN LAW FIRM, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (fax)
*Attorney for Plaintiff William Gilliard III*

R. Shawn Oller; AZ Bar No. 019233
soller@littler.com
Peter C. Prynkiewicz; AZ Bar No. 015256
pprynkiewicz@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: 602.474.3600
Facsimile: 602.957.1801
*Attorneys for Defendant Carvana, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| William L. Gilliard III,<br><br>                              Plaintiff,<br><br>v.<br><br>Carvana, LLC,<br><br>                              Defendant. | CASE NO. 2:20-CV-01923-DLR<br><br>**JOINT CASE MANAGEMENT REPORT** |

Come now the parties in the above listed matter and, pursuant to this Court's December 8, 2020 Order, file this joint case management report in anticipation of the upcoming Scheduling Conference and show the Court as follows:



**1. The parties who attended the Rule 26(f) Meeting and assisted in developing the Plan.**

Joshua Carden, for the Plaintiff. Shawn Oller and Peter Prynkiewiczfor Defendant.

**2. A short statement of the nature of the case (3 pages or less), including a description of each claim and defense.**

**Plaintiff**: Defendant Carvana employed Plaintiff William "Lee" Gilliard as a real estate manager.  During his employment, he was the only African-American male in his department. Mr. Gilliard received complaints from a fellow real estate employee – an Arab-American female regarding discriminator and harassing treatment (including sexual harassment) at the hands of two Carvana managers.  Mr. Gilliard supported her in her situation, including her complaints to HR. In approximately July 2019, this female employee left the company, and Mr. Gilliard helped arrange her going away party and provided a positive reference.  Within about 30 days, Mr. Gilliard was fired by the same two managers – on questionable grounds for which he had never been written up or warned and on standards which were apparently only applied to him - and replaced (in his essential duties) by a white female, also supervised by the same two managers. Mr. Gilliard contends that he was fired for his race, his sex, and in retaliation for his own protected activity, as well as his known support for the co-worker who engaged in protected activity under *Thompson v. North American Stainless, LP*, 562 US 170 (2011).

Mr. Gilliard has brought four claims: 1. Title VII discrimination (race and sex); 2. Title VII retaliation; 3. Section 1981 discrimination (race); and 4. Section 1981 retaliation

**Defendant:** Plaintiff worked for Carvana as a Manager, Real Estate from October 1, 2018 until the company terminated his employment on August 14, 2020. In June and July 2019 Plaintiff made charges on his corporate credit card that violated Carvana's Travel and Entertainment Policy, including a $300.00 cleaning fee for smoking in a rental vehicle, hotel room upgrades, and purchasing CLEAR at the airport so he could move more quickly through security. No manager is authorized to use a company credit card for such charges. Plaintiff's supervisor, Chris Santone, rejected these charges when he learned about them in August 2019 and reached out to Plaintiff to discuss those charges.



Plaintiff did not respond to Mr. Santone because he took a vacation to Jamaica in early August 2019. He was scheduled to travel with another Carvana employee to Seattle on August 6 and to Portland later in the week. Plaintiff did not, however, let Mr. Santone know that his flight back from Jamaica had allegedly been delayed by bad weather.  Mr. Santone reached out to Plaintiff via text message after learning that Plaintiff missed the flight to Seattle from the employee who was scheduled to travel with him. Plaintiff responded to Mr. Santone several hours later advising him that his flight back had been delayed and that he would need to cancel his trip to Seattle and possibly to Portland. Plaintiff subsequently advised Mr. Santone that his flights was delayed until Friday, August 9, and that he would be in the office on Monday, August 12. Early that Monday morning, however, Plaintiff sent Mr. Santone a text message stating that he needed the day to get situated and would not be in the office. The following day Plaintiff emailed Mr. Santone at 10 a.m. informing him that he would not be in that day either and that he needed a sick day. Plaintiff's excessive and unauthorized corporate credit card charges together with his failure to keep his manager reasonably updated on his travel status caused Carvana to lose trust in Plaintiff. Given that trust and autonomy were critical to Plaintiff's managerial position, Mr. Santone decided to terminate Plaintiff's employment after consulting with Human Resources and others. Neither Plaintiff's race, sex, nor any alleged protected activity impacted Carvana's decision in any manner.

**3. A description of the principal factual and legal disputes in the case.**

Whether Mr. Gilliard can establish that a motivating factor for his termination was his race;

Whether Mr. Gilliard can establish that a motivating factor for his termination was his sex;

Whether Mr. Gilliard exhausted his administrative remedies regarding his Title VII retaliation claim;

Whether Mr. Gilliard engaged in protected activity;

Whether Mr. Gilliard associated with a co-worker who engaged in protected activity.

Whether the individuals who decided to terminate Mr. Gilliard's employment  knew that he was associated with a co-worker who engaged in protected activity.

Whether Mr. Gilliard's protected activity or association with a co-worker who engage in protected activity were the "but for" cause of his termination.



Whether Mr. Gilliard can prove entitlement to damages, and the amount thereof.

Whether Mr. Gilliard is entitled to equitable relief from the Court (back pay, front pay, etc.)

Whether Defendant acted maliciously or recklessly in disregard of Mr. Gilliard's rights to a degree that would allow a jury to assess punitive damages.

Whether Defendant can demonstrate that Mr. Gilliard failed to mitigate his damages.

**4. The jurisdictional basis for the case, citing specific jurisdictional statutes.**

28 U.S.C. §§ 1331 and 1343; 42 U.S.C. § 1988 – federal questions, and actions in vindication of civil rights.

**5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

None.

**6. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings.**

None anticipated.

**7. A list of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705).**

Defendant anticipates a motion for summary judgment on all claims.

**8. Whether the case is suitable for reference to arbitration or a United States Magistrate Judge for trial.**

The parties agree that the case is not suitable for reference.

**9. The status of related cases pending before other courts or other judges of this Court.**

None.

**10. A statement of when the parties exchanged Federal Rule of Procedure 26(a) initial disclosures.**

On January 15, 2021 the parties exchanged the Standing Order disclosures in lieu of Rule 26(a) disclosures.



4

**11. A discussion of necessary discovery, including:**

**a. The extent, nature, and location of discovery anticipated by the parties;**

The parties anticipate discovery to be conducted locally; that is, the documents and records relevant to this case reside in computers and files here in Arizona.  The parties anticipate depositions of the Plaintiff, his managers, and two or three co-workers, and document discovery into the personnel files of the same individuals.

**b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure; and**

None.

**c. The number of hours permitted for each deposition, unless extended by agreement of the parties.**

Seven

**12. Proposed specific dates for each of the following (deadlines should fall on Friday unless impracticable):**

**a. A deadline for the completion of fact discovery and disclosure pursuant to Rule 26(a)(3);**

November 12, 2021

**b. Dates for complete disclosures of expert testimony under Rule 26(a)(2)(C) of the Federal Rule of Civil Procedure;**

**Plaintiff:** July 16, 2021

**Defendant:** August 20, 2021

**Rebuttal**: September 17, 2021

**c. A deadline for completion of all expert depositions;**

November 12, 2021

**d. A deadline for filing dispositive motions; and**

December 17, 2021

**e. A date by which the parties shall have engaged in good faith settlement talks.**

November 12, 2021



**13. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth the reasons).**

A jury trial has been requested and is not contested.

**14. The estimated length of trial and any suggestions for shortening the trial.**

Four days

**15. The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

Assistance from the court is not requested at this time.  Some discovery is needed before a meaningful assessment of settlement prospects can be made.

**16. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

Not at this time.

Respectfully submitted this 2nd day of February, 2021,


JOSHUA CARDEN LAW FIRM, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*


I certify that the content of this document is acceptable to all persons required to sign the document and that authorization to electronically sign this document has been obtained.

By: s/Joshua W. Carden


LITTLER MENDELSON, P.C.

By: s/ Peter C. Prynkiewicz (*with permission*)
R. Shawn Oller
Peter C. Prynkiewicz
*Attorneys for Defendant*

